IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KENDRICKS HILL**                                                                 **PLAINTIFF**
**#215406**

V.                              NO. 4:24-cv-00777-KGB-ERE

**ERIC S. HIGGINS,** *et al*.                                                      **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.  Procedures for Filing Objections:**

This Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Chief Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.  Background:**

*Pro se* plaintiff Kendricks Hill, an inmate at the Pulaski County Regional Detention Facility ("Detention Facility"), filed this lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Hill's complaint alleges that the conditions of his confinement are unconstitutional. He explains that, as a result of his continuous exposure to mold, he

has suffered from breathing problems. He sues Pulaski County Sheriff Higgins and the Detention Facility in both their individual and official capacities seeking monetary damages. I previously recommended that Mr. Hill's official capacity claims for monetary damages against Defendant Higgins and his claims against the Detention Facility be dismissed based on his failure to state a plausible constitutional claim for relief. *Doc. 4*. That recommendation remains pending.

Defendant Higgins has now filed a motion for summary judgment, brief in support, and statement of facts, arguing that Mr. Hill failed to exhaust his administrative remedies as to his claims against him before filing this lawsuit. *Docs.14, 15, 16*. Mr. Hill has not responded to Defendant Higgins' motion and the time for doing so has passed. *Doc. 17*. The motion is now ripe for review.

For the reasons stated below, Defendant Higgins' motion for summary judgment (*Doc. 14*) should be GRANTED.

**III.   Discussion:**

    **A.   The PLRA Makes Exhaustion Mandatory**

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted before filing a civil lawsuit under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v.*

*Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). To resolve the exhaustion question, the Court must determine: (1) what administrative remedies the Detention Facility made available to inmates to bring and resolve claims; and (2) whether Mr. Hill fully and properly complied with available administrative remedies.

**B.    Detention Facility's Grievance Procedure**

According to the Detention Facility's inmate grievance procedure, inmates are "permitted to file grievances/appeals and will be assured of written responses from facility officials in a timely and orderly manner without fear of reprisal or prejudice." *Doc. 16-4 at 1*. After an incident, an inmate first should attempt to resolve problems or complaints verbally through the unit deputy. *Id. at 4*. If the issue is not resolved, an inmate may file a written grievance on the grievance form. *Id*.

Detention Facility policy defines a grievance as:

[a] written complaint by an Inmate on the Inmate's own behalf . . . regarding . . . [a]ctions taken by staff or other inmates that have the

3

>effect of depriving the inmate of a right, service, or privilege[;] [a]llegations of abuse, neglect, or mistreatment by staff or other inmates; [a]ny other matter the inmates believes to be illegal, a violation of department rules and regulations, or unconstitutional treatment or condition.

*Id. at 1-2*. The policy states that copies of grievance forms are available in each unit. *Id. at 3*. Completed grievances are to be placed in locked grievance boxes. *Id*. Grievances must be filed within fiftenn days "after the grievance occurrence with the Grievance Officer or designee." *Id. at 4*. Inmates should state the problem in the grievance "as briefly and clearly as possible" and a grievance should address only one problem. *Id*. Inmates "shall" receive a written response to their grievance within ten working days of receipt. *Id. at 6*. Responses must "[s]tate the reason for the decision in clear, well-reasoned terms." *Id*. If an inmate is not satisfied with the written response, the inmate may appeal within ten working days. *Id. at 7*. Written responses to appeals are issued within five working days. *Id. at 7*. The written response "is the final level of the appeal process." *Id*.

    **C.**    **Mr. Hill's Grievance History**

Defendant Higgins submits the affidavit of Detention Facility Sergeant James Hill. *Doc. 16-1*. Sergeant Hill states that Mr. Hill submitted two grievances regarding the claims raised in this lawsuit. *Id. at 1-2*.

In an August 16, 2024 grievance, Mr. Hill stated he could not breath because of the mold in the barracks and he complained of fire hazards. *Doc. 16-3 at 1*.

4

On August 18, 2024, Deputy Michael Hagerty responded, "Not sure what you are asking." *Id*.

On August 19, 2024, Mr. Hill submitted a grievance stating, "[O]n August 16 2024, I wrote [a] grievance on mold . . . I was on the floor my nose was bleeding from all the mold." *Id. at 3*. He also complained of breathing problems and red eyes.

On August 27, 2024, Deputy Ignacio Madrigal responded by stating, "Inmate Hill, please submit a Sick Call. In addition, please speak with your unit deputy so they may submit a maintenance request." *Id*.

Defendant Higgins argues that Mr. Hill did not fully exhaust the grievance process for the claims raised in this lawsuit because Mr. Hill did not complete the appeal process with regard to either of these grievances. I agree.

Mr. Hill has failed to explain why he did not appeal any of the grievance responses mentioned above, and he does not claim that the Detention Facility's grievance procedure was unavailable to him.

On this record, there is no genuine issue of material fact on the threshold question of whether Mr. Hill fully exhausted his pending claims by asserting them to the final levels of the Detention Facility's process before bringing this lawsuit. As a result, Defendant Higgins is entitled to judgment as a matter of law.

5

## IV. **Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Higgins' motion for summary judgment (*Doc. 14*) be GRANTED.

2. Mr. Hill's claims should be dismissed, without prejudice, for failure to exhaust administrative remedies.

3. The Clerk of the Court be instructed to close this case.[1]

DATED 8th January 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The case should be closed only if Chief Judge Baker adopts the September 16, 2024 Partial Recommended Disposition (*Doc. 4*).