IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KENDRICKS HILL**
**ADC #132253**                                                                                                    **PLAINTIFF**

v.                              Case No. 4:24-cv-00777-KGB

**ERIC S. HIGGINS,** *et al.*                                                                                  **DEFENDANTS**

## ORDER

Before the Court are two recommended dispositions submitted by United States Magistrate Edie R. Ervin (Dkt. Nos. 4; 18).  First, there is a partial recommended disposition ("First Recommendation") recommending that:  (1) *pro se* plaintiff Kendricks Hill's official capacity 42 U.S.C. § 1983 damages claim against separate defendant Sheriff Eric S. Higgins ("Sheriff Higgins") be dismissed without prejudice; and (2) Mr. Hill's claims against separate defendant Pulaski County Regional Detention Facility ("PCRDF") be dismissed without prejudice (Dkt. No. 4).  Second, there is a recommended disposition ("Second Recommendation") recommending that separate defendant Sheriff Higgins's pending motion for summary judgment for failure to exhaust administrative remedies be granted (Dkt. No. 18).  For the following reasons, the Court adopts both recommended dispositions (Dkt. Nos. 4; 18), and the Court grants the pending motion for summary judgment (Dkt. No. 14).

  **I.**     **First Recommendation**

Judge Ervin's First Recommendation recommends that Mr. Hill's official capacity § 1983 claim be dismissed without prejudice for failure to state a claim upon which relief can be granted (Dkt. No. 4, at 4).  The First Recommendation then recommends that PCRDF be dismissed as an improper party to this suit (*Id.*).  Mr. Hill has not objected to the First Recommendation, and the time to do so has passed.  Accordingly, after careful consideration, the Court approves and adopts

the First Recommendation in its entirety as this Court's findings in all respects (*Id.*). Mr. Hill's official capacity 42 U.S.C. § 1983 damages claim against Sheriff Higgins is dismissed without prejudice. Mr. Hill's claims against PCRDF are likewise dismissed without prejudice.

### II.     Second Recommendation

Judge Ervin's Second Recommendation recommends that separate defendant Sheriff Higgins' motion for summary judgment for failure to exhaust administrative remedies be granted (Dkt. No. 18). Mr. Hill filed objections to the Second Recommendation (Dkt. No. 21). Sheriff Higgins's motion for summary judgment prays that Mr. Hill's claims against Sheriff Higgins be dismissed for failure to exhaust administrative remedies (Dkt. No. 14). Mr. Hill did not file a response to the motion. Because Mr. Hill has objected to the Second Recommendation, the Court conducts a *de novo* review of the record.

As Judge Ervin notes in the Second Recommendation, the Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted before a prisoner files a lawsuit under § 1983 (Dkt. No. 18, at 2–3). The Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion" (*Id.*, at 3 (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)). In this case, PCRDF, where Mr. Hill was an inmate at the time of the events at issue in this case (*Id.*, at 1), has a grievance policy which requires that a formal grievance must be filed within 15 days after the problem occurs, address only one problem, and "[t]he problem must be stated as briefly and clearly as possible" (Dkt. No. 16-4, at 4). If an inmate is not satisfied with the response to the grievance, the inmate may appeal the grievance to the Chief of Detention within 10 working days (*Id.*, at 7). As Judge Ervin points out, uncontroverted record evidence shows that Mr. Hill did not appeal either of the grievances which form the basis for the instant suit (Dkt. No. 18, at 4–5).

In his objections to the Second Recommendation, Mr. Hill does not dispute Judge Ervin's finding that he failed to appeal his grievances.  Instead, Mr. Hill asserts that PCRDF does not have a written grievance policy (Dkt. No. 21, at 1).  However, Mr. Hill did not file any response to Sheriff Higgins' motion for summary judgment and accompanying statement of facts, which cite uncontroverted record evidence showing that PCRDF has a written grievance policy with a mandatory appeals process (Dkt. Nos. 14; 16).  Mr. Hill also does not contend that the grievance process was unavailable to him, stating only that "[t]o my knowledge the only people who should handle this process is (sergeant) above" (Dkt. No. 21, at 1).  As such, the Court finds that Mr. Hill's objections break no new ground with respect to the findings in the Second Recommendation.

For these reasons, upon *de novo* review of the record, the Court adopts the Second Recommendation in its entirety as this Court's findings in all respects and grants the motion for summary judgment (Dkt. Nos. 14; 18).

### III.    Conclusion

For the foregoing reasons, the Court:

(1)    adopts the First Recommendation, dismisses without prejudice Mr. Hill's 42 U.S.C. § 1983 damages claim against separate defendant Sheriff Higgins, and dismisses without prejudice Mr. Hill's claims against PCRDF (Dkt. No. 4); and

(2)    adopts the Second Recommendation (Dkt. No. 18), grants Sheriff Higgins' pending motion for summary judgment (Dkt. No. 14), and dismisses without prejudice Mr. Hill's remaining claims against Sheriff Higgins for failure to exhaust administrative remedies.

It is so ordered this 10th day of September, 2025.

_____
Kristine G. Baker
Chief United States District Judge